Filed 7/27/16  K.S. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| K.S.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE COUNTY OF VENTURA,<br><br>    Respondent;<br><br>VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | 2d Juv. No. B271265<br>(Super. Ct. No. J070478)<br>(Ventura County) |

K.S. (mother), appearing in propria persona, seeks review of the order made at the 18-month review hearing (Welf. & Inst. Code, § 366.22)[1] scheduling a permanency planning hearing under section 366.26 for her daughter, A.A.  She contends the juvenile court should have bypassed the section 366.26 hearing and ordered a plan of long-term foster care.  The court, however, lacked discretion to do so because there was evidence that A.A.'s current caregiver is willing to become the child's legal guardian.  (See § 366.22, subd. (a)(3).)  We therefore deny mother's petition for an extraordinary writ.

---

[1] All further statutory references are to the Welfare and Institutions Code.

1

FACTS AND PROCEDURAL BACKGROUND

Mother came to the attention of the Los Angeles Department of Children and Family Services in May 2014, when she left two of her young children unattended. There also were allegations that mother was not providing adequate food for her five children, including six-year-old A.A. After the children were detained, two of them were placed with their respective fathers. A.A. and two other siblings, A.S. and R.M., were placed with their maternal great-aunt.

The dependency case subsequently was transferred to Ventura County. Mother was provided with extensive family reunification services, with the goal of returning A.A., A.S. and R.M. to her care. At the 18-month review hearing, HSA recommended that family maintenance services be provided for R.M., and that long-term foster care be provided for A.S. and A.A., "with the mother receiving continued unsupervised visits, including overnight and weekend visits, and an extended visit with the children, . . . At the conclusion of the extended visit, it is the intention of [HSA] that a recommendation could be made for the mother to receive Family Maintenance Services with [A.S. and A.A.] at that time." Mother agreed with the recommendation, but A.A.'s counsel requested that a section 366.26 hearing be set to determine a permanent plan for A.A. other than a return to mother's care.

A.A.'s maternal great-aunt, who remains her caregiver, testified at the contested hearing. She stated that she would be willing to become A.A.'s legal guardian. The juvenile court found that A.A. is not a proper subject for adoption but, based on the caregiver's testimony, scheduled a section 366.26 hearing to assess, among other things, whether a legal guardianship should be established in lieu of long-term foster care. Mother challenges that decision.

DISCUSSION

Mother contends that scheduling a section 366.26 hearing was not in A.A.'s best interest because she is not adoptable and because there is no person seriously willing to assume legal guardianship. The record does not support this contention.

2

Where, as here, a child is not returned to his or her parent at the 18-month review hearing, section 366.22, subdivision (a) requires that the court "order that a hearing be held pursuant to Section 366.26 in order to determine whether adoption, guardianship, or long-term foster care is the most appropriate plan for the [child]." (§ 366.22, subd. (a).) There is, however, one exception. "[I]f the court finds by clear and convincing evidence, based on the evidence already presented to it, . . . that there is a compelling reason, as described in paragraph (5) of subdivision (g) of Section 366.21, for determining that a hearing held under Section 366.26 is not in the best interest of the child *because the child is not a proper subject for adoption and has no one willing to accept legal guardianship as of the hearing date*, [then] the court may, only under these circumstances, order that the child remain in foster care . . . ." (§ 366.22, subd. (a)(3), italics added; see *Victoria S. v. Superior Court* (2004) 118 Cal.App.4th 729, 732 (*Victoria S.*).)

The juvenile court found that A.A. is not a proper subject for adoption, but could not find, by clear and convincing evidence, that there is no one willing to act as her legal guardian. Although A.A.'s caregiver had previously expressed reluctance to continue dealing with mother, she testified at the 18-month hearing that she would be willing to serve as the child's legal guardian. Based on this evidence, the court had no choice but to set the matter for a section 366.26 hearing. (*Victoria S., supra,* 118 Cal.App.4th at p. 733.) "Section 366.22, subdivision (a) gives the court the discretion to bypass a [section 366.26] hearing only if it finds by *clear and convincing evidence,* the hearing is not in the child's best interest because he or she is not adoptable *and* no one is willing to accept legal guardianship [as of the hearing date]. Here, it is not clear there is no one willing to assume legal guardianship." (*Ibid.*) And because "legal guardianship is preferable to long-term foster care as a permanent plan (§ 366.26,

subd. (b)), in the absence of clear and convincing evidence such a plan would not come to fruition, it was necessary for the court to set a [section 366.26] hearing."[2]  (*Ibid.*)

We have reviewed each of mother's contentions, and conclude she has not demonstrated error.

DISPOSITION

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

---

[2]  At oral argument, mother represented that since the trial court's last hearing, A.A.'s caregiver has again expressed reluctance to serve as her guardian.  We are limited to the evidence in the record.  This, however, may be a consideration at the section 366.26 hearing.

Tari L. Cody, Judge

Superior Court County of Ventura
_____

K.S., in pro per, for Petitioner.

No appearance for Respondent.

Leroy Smith, County Counsel, and Alison L. Harris, Assistant County Counsel, for Real Party in Interest.